Robert D. TOBIAS and Dorothy M. Pilcher, Plaintiffs and Appellants,

v.

BRASHER'S MOBILE & MOTOR HOMES, a Utah Corporation, Defendant and Third-Party Plaintiff and Respondent,

v.

MOTORS INSURANCE CORPORATION, a Foreign Corporation, Third-Party Defendant and Respondent.

No. 15336.

Supreme Court of Utah.

Aug. 29, 1978.

---

Robert M. McRae, Robert J. Haws, Salt Lake City, for plaintiffs and appellants.

Jeffrey N. Clayton of Salt Lake City, Moyle & Draper, Salt Lake City, for Brasher's.

Alan D. Frandsen, Salt Lake City, for Ins.

WILKINS, Justice:

The plaintiffs appeal from the granting of summary judgment dismissing the plaintiff's complaint and entering judgment in favor of defendant on a counterclaim. All statutory references are to the Utah Code Annotated, 1953, as amended. Affirmed. Costs to defendant.

In 1974 defendant purchased a travel trailer from third-party defendant in the State of Washington. Before defendant's purchase, the trailer had been stolen and third-party defendant received title to it after it had been recovered.

When defendant resold the trailer to the plaintiffs an incorrect vehicle identification number (VIN) was recorded. Apparently when the Washington Highway Patrol was inspecting the trailer it neglected to correct the VIN plate that had been altered on the trailer door by the thieves. When defendant submitted, the title documents to the State of Utah it discovered the error and corrected it on the documents. The trailer was then validly licensed and titled in Utah.

The plaintiffs took the trailer to Washington and attempted to license it there. Washington refused to title or license the trailer, apparently due to confusion regarding the VIN. The plaintiffs contacted defendant who then cleared up the problem with the Washington officials. Unfortunately, defendant's letter informing the plaintiffs that the problem had been remedied did not reach the plaintiffs until they had already returned to Utah.

The plaintiffs ceased making payments on the trailer required by the purchase agreement and filed this action for rescission. The plaintiffs claimed that their inability to title the trailer in Washington was a breach of an implied warranty of fitness for the trailer's intended use. Defendant counterclaimed for the past due payments and subsequently amended this counterclaim to include the full contract price.

■ On defendant's motion for summary judgment the District Court for Salt Lake County dismissed the plaintiffs' complaint. The Court further granted judgment for defendant on the counterclaim and ordered the plaintiff to surrender the trailer and pay defendant's reasonable attorney fees.

On appeal the plaintiffs ask this Court to reverse the dismissal of the plaintiffs' complaint but they make no argument and cite no cases why we should grant such relief. The plaintiffs do not now dispute that the trailer may be licensed in Washington (and other states) and thus the gravamen of their complaint no longer exists.

The plaintiffs also contend that defendant's counterclaim is barred by Section 41–3–3, which bars any action to recover a motor vehicle (later defined to include a trailer) if the vendor has failed to comply with the terms and provisions of Utah's Motor Vehicle Act. Section 41–3–23(a)(4) makes it a violation of this Act:

> . . . To violate any law of the state of Utah now existing or hereafter enacted respecting commerce in motor vehicles or any lawful rule or regulation respecting commerce in motor vehicles promulgated by any licensing or regulating authority now existing or hereafter created by the laws of the state of Utah.

The plaintiffs contend that defendant violated Sections 41–1–120, 41–1–19, and 41–20–1. We hold that the District Court was correct in ruling that, as a matter of law, defendant had not violated these provisions and the counterclaim was thus not barred by Section 41–3–3.

■ Section 41–1–18 makes it "unlawful for any person to drive or move or for any owner knowingly to permit to be driven or moved upon any highway" a vehicle that is not properly registered or titled. Section 41–1–19 makes a travel trailer subject to the requirements of Section 41–1–18. The plaintiffs, not defendant, were the owners and drivers of the vehicle and therefore defendant cannot possibly have violated Section 41–1–18.

■ The plaintiffs' arguments about the other two alleged statutory violations demonstrates a misreading of the law. The trailer in this case is not a "motor vehicle" for the purposes of Section 41–1–120 [1] and defendant could not therefore violate Section 41–1–120. It is likewise impossible for defendant to have violated Section 41–20–1 which is merely definitional in nature and contains no affirmative duties.

CROCKETT and MAUGHAN, JJ., concur.

ELLETT, C. J., and HALL, J., concur in the result.

---

1. Sec. 41–1–1(b) and (g).